UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERMAINE MILTON | CIVIL ACTION |
| VERSUS | NO. 10-3309 |
| MARLIN GUSMAN | SECTION "R" (4) |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e (c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Summary**

The plaintiff, Jermaine Milton, is an inmate housed in the Orleans Parish Prison in New Orleans, Louisiana. In his *pro se* and *in forma pauperis* § 1983 complaint, Milton alleges that he is being subjected to unsanitary conditions in the Orleans Parish Prison. He also claims that a broken pipe and flooding caused him to slip and fall and sustain injury to his back. Milton filed this suit against Sheriff Marlin Gusman seeking monetary compensation.

## II. The Petition is Malicious

Title 28 U.S.C. § 1915(e)(2)(B) and § 1915A require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or malicious. It has long been resolved that repetitious litigation raising the same cause of action as a previous or pending lawsuit is subject to dismissal under § 1915(e)(2)(B) and § 1915A as malicious. *Pittman v. Moore*, 980 F. 2d 994, 995 (5th Cir. 1993) (claims which duplicate claims pending in another federal action by the same plaintiff are "malicious"); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *see also Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir. 1989).

The claims raised herein are identical to claims raised in another suit, *Jermaine Milton v. Marlin Gusman*, C.A. No. 10-3216 "S"(1), which was filed on September 23, 2010, and remains pending before the Court. In that complaint, Milton also named Sheriff Marlin Gusman as the defendant. He raised the exact same claims which are asserted in the instant complaint against Sheriff Gusman involving unsanitary conditions in the prison and his slip and fall injury.

Because the claims in this action are duplicitous of those raised in Milton's other pending civil action, this complaint is subject to dismissal as malicious under § 1915(e)(2)(B) and § 1915A.

## III. Recommendation

It is therefore **RECOMMENDED** that Milton's § 1983 complaint against the defendant, Sheriff Marlin Gusman, be **DISMISSED WITHOUT PREJUDICE** as malicious under Title 28 U.S.C. § 1915(e)(2)(B) and § 1915A, because the claims herein are duplicitous of claims raised in another pending federal civil rights litigation.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this 5th day of October, 2010.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　KAREN WELLS ROBY
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.