UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JERMAINE MILTON                                    CIVIL ACTION

VERSUS                                             NO: 10-3309

MARLIN GUSMAN                                      SECTION: R(4)

**ORDER**

    Having reviewed *de novo* plaintiff Jermaine Milton's § 1983 complaint, the applicable law, and the Magistrate Judge's unopposed Report and Recommendation, the Court approves the Magistrate Judge's recommendation as modified herein.  Milton's identical suit against the defendant, *Jermain Milton v. Marlin Gusman*, Civil Action No. 10-3216, was dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted on October 14, 2010.[1]  This suit is frivolous for the same reasons.

---

    [1]    (Civil Action No. 10-3216, R. Doc. 6.)

>Milton compliant states his claims as follows:
>
>I injured my back from flooding water due to a broken pipe in the shower area on our tier. My cell is next to the shower. Also the authorities keep us locked in our cells twenty-three hours a day and we are forced to eat our food near unsanitary toilets. We are being ignored concerning our complaints. This facility cannot accommodate inmates with lengthy prison sentences.[2]

Milton seeks $25,000.00 in damages for "pain and suffering and mental anguise [*sic*] and civil rights violations."[3] Each of Milton's complaints, however, "lacks an arguable basis in law or fact," and is therefore frivolous. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).

First, with regard to Milton's claim that he injured his back due to flooding from water, the Court finds that Milton has not alleged sufficient facts to show that the defendant was deliberately indifferent to a substantial risk of serious harm. *See Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999) (explaining that to establish deliberate indifference, "the prisoner must show that the defendants were (1) aware of the facts from which an inference of an excessive risk of the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed")

---

[2] (R. Doc. 1 at 3.)

[3] (*Id.* at 8.)

(quoting *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998)). To the degree Milton alleges a claim based on negligence, the Supreme Court has held that such "slip and fall" claims cannot serve as the basis for a § 1983 action. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986) (rejecting petitioner's argument that the Due Process Clause embraces tort law concepts that would protect an inmate from such claims); *see also Noble v. Grimes*, 350 F. App'x 438, 439 (5th Cir. 2009) (explaining that claims of negligence based on the condition of a prison shower are not cognizable under § 1983).

Nor does Milton's allegation that he is kept in his cell 23-hours per day rise to the level of a constitutional violation. *See Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (holding that confinement for 23-hours per day, Monday through Friday, is not unconstitutional because it does not impose an atypical and significant hardship); *Hill v. Pugh*, 75 F. App'x 715, 721 (10th Cir. 2003) (holding that confinement for 23-hours per day five days a week and 24-hours per day on the remaining two is not unconstitutional because it shows neither an "unquestioned and serious deprivation of basic human needs" nor intolerable or shocking conditions) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981)). Even assuming his confinement could serve as a basis for a § 1983 action, however, under 42

U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Because Milton has alleged no physical injury related to the length of his confinement, he cannot recover the compensatory damages that he seeks. *See Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001) (affirming the district court's dismissal of a prisoner's claim for failure to satisfy the physical injury requirement of § 1997e(e)).

Likewise, although "courts have been especially cautious about condoning conditions that include an inmate's proximity to human waste," *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990), that Milton is forced to eat in the vicinity of toilets does not, by itself, constitute a constitutional violation. *See, e.g.*, *Gabriel v. Gusman*, 2010 WL 3169840, *6 (E.D. La. 2010, *adopted by* 2010 WL 3175045 (E.D. La. 2010) (rejecting an identical claim); *Lathers v. Nelson Coleman Correctional Center*, 2010, WL 1489903, *11 (E.D. La. 2010), *adopted by* 2010 1485468 (E.D. La. 2010) (same). *Compare Gates v. Cook*, 376 F.3d 323, 338 (5th Cir. 2004) (affirming the district court's grant of injunctive relief where the cells were "'extremely filthy' with crusted fecal matter, urine, dried ejaculate, peeling and

chipping paint, and old food particles on the walls"). Moreover, Milton's claim for damages based on his eating conditions is also barred by 42 U.S.C. § 1997e(e) for failure to allege a related physical injury.

With regard to Milton's statement that he and his fellow inmates "are being ignored concerning our complaints,"[4] the Fifth Circuit has held that an inmate does not have a federally protected liberty interest in having grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("A prisoner has a liberty interest only in freedoms from restratint imposing an *atypical* and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Accordingly, Milton's complaint about the prison's lack of a grievance process cannot serve as a basis for his § 1983 claim.

Furthermore, Milton's allegation that the prison facility is inadequate to accommodate inmates with lengthy prison sentences similarly lacks an arguable basis in law or fact. Such conclusory assertions fail to state a claim on which relief may be granted. *Gabriel*, 2010 WL 3169840 at *3; *Spurlock v. Gusman*, 2010 2102829, *4 (E.D. La. 2010), *adopted by* 2010 WL 2102825 (E.D. La. 2010); *see also Johnson v. Texas Bd. of Criminal*

---

[4]  (*Id.* at 3.)

*Justice*, 281 F. App'x 319, 321 (5th Cir. 2008) (dismissing a prisoner's complaint based on cold temperatures at the prison as "too vague and conclusory" to state a claim of a sufficiently serious deprivation that denied the "minimal civilized measure of life's necessities") (internal quotation marks omitted) (quoting *Palmer*, 193 F.3d at 352).

Finally,, the Magistrate recommended that Milton's complaint should be dismissed without prejudice. The Fifth Circuit, however, has suggested that dismissals of *in forma pauperis* proceedings as frivolous should typically be with prejudice. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc) (holding that such dismissals will be deemed to be with prejudice unless the district court specifies otherwise and that "[u]nexplained dismissals without prejudice will necessitate a remand").

Accordingly, it is ordered that Milton's claims be DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 20th day of December, 2010.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE